IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRENDA D. DAVES                                                                           PLAINTIFF

v.                                          NO. 13-2155

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Brenda D. Daves, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.    **Procedural Background:**

Plaintiff protectively filed her current application for SSI on June 27, 2011, alleging an inability to work due to abdominal pain from radiation due to treatment for Hodgkin's disease. (Tr. 196, 220). An administrative hearing was held on April 24, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 21-44).

By written decision dated July 6, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 12).

Specifically, the ALJ found Plaintiff had the following severe impairments: abdominal pain from radiation treatment for Hodgkin's disease, and diabetes. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 416.967(b). (Tr. 12). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a hotel clerk and a snack bar attendant. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 30, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 11). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

AO72A
(Rev. 8/82)

in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience

in light of her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

**III.   Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ determined that Plaintiff was able to perform a full range of light. A review of the record revealed that Plaintiff underwent treatment for Hodgkin's Disease in 1979, and then again in the late 1990's. In August of 2011, Plaintiff underwent a general physical examination performed by Dr. Clifford Lamar Evans. (Tr. 402-407). After examining Plaintiff, Dr. Evans diagnosed Plaintiff with an intestinal injury secondary to radiation treatment for Hodgkin's Disease, and biliary sclerosis secondary to external radiation therapy. Dr. Evans

opined Plaintiff would have mild to moderate limitation to the body as a whole. Plaintiff began treatment at the Good Samaritan Clinic in September of 2011, and reported experiencing periodic, intense abdominal pain about twice per month. (Tr. 431). On October 12, 2011, based upon Plaintiff's medical history and her symptoms at that time, it was recommended that Plaintiff undergo a CT Scan of the abdomen. (Tr. 430). There is no record that Plaintiff underwent a CT Scan of her abdomen, and the record is void of an RFC assessment dated after October of 2011, addressing Plaintiff's recurrent abdominal pain. The Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's alleged abdominal pain.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. The ALJ may also order a consultative examination from a gastroenterologist, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed, including a CT Scan of Plaintiff's abdomen, to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. § 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.     Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 29th day of May, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)